IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GARETH EVAN LOMAX,

       Plaintiff,                                 11cv0988
                                                **ELECTRONICALLY FILED**
   v.

UNITED STATES OF AMERICA,
SENATE ARMED FORCES SERVICE
COMMITTEE, ET AL,

       Defendants.

## **MEMORANDUM ORDER DISMISSING PLAINTIFF'S COMPLAINT (Doc. No. 5)**

Presently before this Court is Plaintiff, Gareth Lomax's Complaint against the United States of America and various leaders of the United States armed forces. Doc. No. 5. Plaintiff filed a Motion for Leave to Proceed *in forma pauperis* on August 1, 2011. Doc. No. 2. Plaintiff's Motion was denied on August 3, 2011. Doc. No. 3. Receipt that the filing fee was paid was docketed on August 4, 2011. The Court has reviewed Plaintiff's Complaint, which focuses on alleged civil rights violations that occurred from approximately 1989 through 1991. Because it is frivolous, Plaintiff's Complaint will be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915 (e)(2)(B)(i). Plaintiff will not be given leave to amend the Complaint because such amendment would be futile.

28 U.S.C. § 1915 (e)(2) provides:

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–

    (A) the allegation of poverty is untrue; or

    (B) the action or appeal--
        (i) is frivolous or malicious;

1

>    (ii) fails to state a claim on which relief may be granted; or
>    (iii) seeks monetary relief against a defendant who is immune
>    from such relief.

Dismissal is appropriate both when the action is "based on an indisputably meritless legal theory" and when it posits "factual contentions [that] are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327. Here, while not altogether clear, Plaintiff seems to base his position on alleged racial discrimination that occurred while he was serving in the United States Navy and was stationed on the USS Jacksonville. Doc. No. 5. Plaintiff alleges among other things that: racial discrimination prevented him from receiving the Medal of Honor, the USS Jacksonville was not seaworthy, the US Military Inspector General did not properly investigate Plaintiff's allegation that the ship was unseaworthy, he and other minorities were subject to hazing and racial discrimination, and racial minorities were not promoted. Doc. No. 5, at 10[1]. Plaintiff also alleges that he has "been imprisoned and without relief . . . without Habeas Corpus for nearly 20 years." Id. This allegation of imprisonment also seems to center on the hostile environment that Plaintiff allegedly encountered during his service in the Navy. Styling his Complaint as an action under 42 U.S.C. § 1983, Plaintiff asks this Court to order a Department of Defense investigation into his military service. Doc. No. 5, at 18-19. Plaintiff seeks this investigation to: 1) determine his eligibility for the Congressional Medal of Honor; and 2) to correct errors in his military service record allegedly caused by the racial discrimination of superiors. Doc. No. 5, Ex. 4 (Proposed Order).

---

[1] Plaintiff's claims of unseaworthiness seem to be most analogous to those of the Jones Act. However, Plaintiff did not suffer a physical injury because of the vessel's "unseaworthiness" and the applicable three year statute of limitations has long since passed.

2

Plaintiff cannot maintain a Section 1983 action because the statute provides liability only for defendants acting under the color of state law. *See Brown v. Philip Morris, Inc.*, 250 F.3d 789, 800 (3d Cir. 2001). In his Complaint, Plaintiff asserts no claims against any person acting under the color of state law. As such, Plaintiff's Complaint is based on an "indisputably meritless legal theory" and must be dismissed as frivolous.

The Court must also address whether Plaintiff's Complaint is timely. Plaintiff specifically requests that his Complaint be characterized as a United States Code Title 42 Section 1983 civil action, which provides for civil action for deprivation of rights. Doc. No. 5, at 18. According to Plaintiff's Complaint, he served in the Navy "during the years of February 1989 to August 1991." Doc. No. 5, 13. Section 1983 does not have a specific statute of limitations period, but rather state tort law statute of limitations are applied. *Wilson v. Garcia*, 471 U.S. 261, 269-70 (1985). The Pennsylvania statute of limitations for tort actions is two years. 42 Pa. Cons. Stat. Ann. § 5524(2) and (7), *Jablonski v. Pan American World Airways, Inc.*, 863 F.2d 289 (3d Cir. 1988). Section 1983 claims begin to accrue when the plaintiff knows or has reason to know of the injury which is the basis of the claim and has a "complete and present cause of action." *Wallace v. Kato*, 127 S.Ct. 1091 (2007); *Calero-Colon v. Betancourt-Lebron*, 68 F.3d 1, 3 (1st Cir. 1995). Here, Plaintiff's claims are based upon events that he either was witness to or was a part of from approximately 1989-1991. Doc. No. 5. Accordingly, Plaintiff's Complaint, filed in 2011, is untimely and is barred by the applicable statute of limitations.[2]

---

[2] The Court also notes that Plaintiff himself acknowledged that his Complaint may be untimely. Doc. No. 5, at 6 ("The three year limitation, timeline, may have, already, been reached. However, depending upon the nature of the facts involved, a waiver for submission may be required. A request for that waiver is herein, expressed.").

Plaintiff will not be given leave to amend his Complaint because any such amendment would be futile in light of the applicable statute of limitations. Furthermore, any claim he may file regarding the Congressional Medal of Honor would be non-justiciable by this Court. *See Cadigan v. Dept. of the Army, Bd. for Corr. of Military Records*, 1996 WL 21229, at *1 (1st Cir. Jan 17, 1996) (noting that "the criteria for such awards are not within the realm of judicial expertise, implicating instead the complex, subtle, and professional decisions left by the Constitution to the judgment of the military") (internal quotations and citation omitted). Moreover, any effort by Plaintiff to have his military record altered is barred by the applicable statute of limitations. *See* 28 U.S.C. § 2401 (creating six-year statute of limitations for civil suits against the United States).

AND NOW, this 12th day of August, 2011, for the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's Complaint (Doc. No. 5) is **DISMISSED**.

The Clerk of Court shall mark this **CASE CLOSED**.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All Registered ECF Counsel and Parties

Gareth Lomax, Pro Se Plaintiff
4060 Peachtree Road, D550
Atlanta, GA 30319